IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TRAVIS MILLER § § **Plaintiff,** § § vs. § U.S. DEPARTMENT OF JUSTICE § and § U.S. DEPARTMENT OF DEFENSE, § § **Defendants.** § | Civil Action No. 1:22-cv-958 |

## COMPLAINT

Plaintiff, Travis Miller, brings this action against the U.S. Department of Justice ("DOJ") and the U.S. Department of Defense ("DOD") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue is proper in this district because Plaintiff is domiciled in Williamson County, Texas.

### PARTIES

2. Plaintiff is a resident of Williamson County, Texas.

3. Defendant DOJ is an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1) that possesses the records Plaintiff seeks. The DOJ is headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

4. Defendant DOD is an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1) that possesses the records Plaintiff seeks. The DOD is located at 1000 Defense Pentagon, Washington, DC 20301-1000.

# FACTUAL BACKGROUND

5. Plaintiff has submitted a number of FOIA requests to Defendants, seeking correspondence and records relating to matters of public concern. Defendants have failed to produce the requested records and have otherwise failed to make a determination in regard to the requests as required by FOIA. Defendants' failures necessitated the filing of this lawsuit.

**A. DOJ: Goodlander Request #1 (FOIA-2022-00966)**

7. On March 24, 2022, Plaintiff submitted the following FOIA request to the DOJ: "Please provide all e-mail correspondence to/from Margaret (aka Maggie) Goodlander containing the term 'Durham' from January 20, 2021 through March 24, 2022."

8. The DOJ acknowledged this request on April 15, 2022, assigning it reference number FOIA-2022-00966. As of September 21, 2022, Plaintiff has not received responsive documents from the DOJ regarding FOIA-2022-00966 and the agency has made no determination on this request.

**B. DOJ: Goodlander Request #2 (FOIA-2022-01049)**

9. On April 5, 2022, Plaintiff submitted a FOIA request to the DOJ, stating:

   a. "Please provide all e-mail correspondence to/from Margaret (aka Maggie) Goodlander containing the term 'Sullivan' from January 20, 2021 through April 5, 2022."

   b. "Please provide all e-mail correspondence to/from Margaret (aka Maggie) Goodlander containing the term 'Sussmann' from September 1, 2021 through April 5, 2022."

10. The DOJ acknowledged this request on April 27, 2022 and assigned it reference number FOIA-2022-01049. As of September 21, 2022, Plaintiff has not received responsive

documents from the DOJ regarding FOIA-2022-01049 and the agency has made no determination on this request.

### C. DOJ: Goodlander/Garland Request (FOIA-2022-01328)

11. Plaintiff made a FOIA request to the DOJ on July 7, 2022, which stated:

   a. "Please provide all e-mail correspondence to/from Margaret (aka Maggie) Goodlander containing the term 'Sussmann' or 'Sussman' from May 16, 2022 through June 7, 2022."

   b. "Please provide all e-mail correspondence to/from Margaret (aka Maggie) Goodlander containing the term 'Durham' from May 16, 2022 through June 7, 2022."

   c. "Please provide all e-mail correspondence to/from Margaret (aka Maggie) Goodlander containing the term 'Sullivan' from May 16, 2022 through June 7, 2022."

   d. "Please provide all e-mail correspondence to/from Merrick Garland containing the term 'Sussmann' or 'Sussman' from May 16, 2022 through June 7, 2022."

   e. "Please provide all e-mail correspondence to/from Merrick Garland containing the term 'Durham' from May 16, 2022 through June 7, 2022."

12. The DOJ acknowledged this request on June 16, 2022 and gave it reference number FOIA-2022-10328. As of September 21, 2022, Plaintiff has not received responsive documents from the DOJ regarding FOIA-2022-01049 and the agency has made no determination on this request.

**D. DOD: DARPA Request #1 (22-FRO-0477)**

13.     On January 26, 2022, Plaintiff submitted a FOIA request to the DOD, seeking: "All e-mail correspondence to/from Allison Kline or Christopher Schneck containing the term 'antonakakis' or 'Joffe' for the time periods July 1, 2020 through January 26, 2022."

14.     The DOD acknowledged this request on February 2, 2022, assigning it reference number 22-FRO-0477. On July 28, 2022, the DOD provided three pages out of the 142 pages it deemed responsive to this request, informing Plaintiff that other agencies "would have cognizance of the remaining 139 pages." The three pages produced by the DOD were improperly redacted through 5 U.S.C. § 552(b)(6), also known as "Exemption 6", which applies to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). An example of the agency's abuse of Exemption 6 is seen below:



15.     Plaintiff appealed this response on August 1, 2022. Plaintiff has not received a final response to that appeal. As of September 21, 2022, Plaintiff has not received all documents responsive to 22-FR-0477.

### E. DOD: DARPA Request #2 (22-F-0694)

16. On March 10, 2022, Plaintiff submitted a FOIA request to the DOD, seeking: "All e-mail correspondence to/from Allison Kline or Christopher Schneck (who are both with DARPA) containing any of the following terms: 'Manos' or 'Antonakakis' or 'Joffe' or 'Guccifer' for the time periods January 1, 2016 through December 31, 2019."

17. The DOD acknowledged this request on March 11, 2022 and assigned it reference number 22-F-0694. As of September 21, 2022, Plaintiff has not received responsive documents from the DOD regarding 22-F-0694 and the agency has made no determination on this request.

## COUNT 1

### (Defendants' Violation of FOIA, 5 U.S.C § 552)

18. Plaintiff incorporates the above paragraphs as though fully set forth herein.

19. Defendants are agencies subject to the production requirements of FOIA.

20. Defendants have violated FOIA by failing to produce the records requested by Plaintiff.

21. Plaintiff is being irreparably harmed by Defendants' FOIA violations, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to comply with FOIA.

## RELIEF REQUESTED

22. For these reasons, Plaintiff respectfully requests this Court:

   A. Order Defendants to search for any and all records response to Plaintiff's FOIA requests and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests;

B.  Order Defendants to produce all records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption;

C.  Enjoin Defendants from withholding non-exempt records that are responsive to Plaintiff's FOIA requests;

D.  Grant Plaintiff an award of costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

E.  Grant Plaintiff such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Travis Miller*
Travis Miller
Texas Bar No. 24072952
PO Box 6853
Austin, TX 78762
(430) 222-8184
Email: twmlegal@gmail.com